IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,                                     Criminal No. 19-0139
                                                    ELECTRONICALLY FILED

      v.

JAMES G. ALLEN, JR.,

        Defendant.

MEMORANDUM ORDER

This matter is before the Court on Defendant's Motions for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) filed by the Defendant (hereinafter, "Motions for Compassionate Release").[1] ECF 42 and ECF 47. The Government filed a response (ECF 44) to the first motion filed by Defendant and provided a status update (ECF 52) with respect to Defendant's second motion. For the reasons set forth in greater detail below, both of Defendant's motions will be denied.

Defendant has been incarcerated at FCI-Fort Dix. He was sent to this minimum-security facility after pleading guilty to filing a false tax return. In short, Defendant failed to report his earnings as an anesthesiologist for Butler Hospital. Defendant agreed to pay restitution to the

---

[1] The document filed at ECF 42 was a Motion for Reconsideration of a previously filed Motion for Compassionate Release (ECF 38) which this Court denied as moot due to the fact that Defendant had already been scheduled to be released from FCI Fort Dix. Although the standard of review differs for the Motion to Reconsider (ECF 42) as compared to the Motion for Compassionate Release (ECF 47), for the reasons set forth herein, both motions will be denied for the same general reasons. Specifically, with regard to the Motion for Reconsideration (ECF 42) Defendant failed to meet his burden of proving any on one of the following three grounds: (1) an intervening change in controlling law occurred; (2) new evidence, which was not previously available, became available; or (3) the necessity to correct a clear error of law or to prevent manifest injustice. See, *Howard Hess Dental*, 602 F.3d at 251, citing *Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Therefore, Defendant's Motion for Reconsideration will also be denied because he failed to meet his burden of proof as stated above.

Internal Revenue Service in the amount of $902,721.45, plus interest, pursuant to 18 U.S.C. § 3663(a)(3).

In his Motion for Reconsideration (ECF 42) and his [Second] Motion for Compassionate Release, Defendant describes his medical conditions, claiming these conditions place him at "increased risk for severe illness" from the COVID-19 virus.  Defendant also argues that the rate of COVID-19 infection at Fort Dix is significant, thereby placing him at even greater risk of contracting the virus.

However, given that Defendant was released from FCI Fort Dix and is now being managed by RRM Philadelphia – a residential reentry field office – it seems that the relief Defendant sought has been effectuated by the BOP's transfer of Defendant from the prison to the re-entry center, arguably rendering both of his Motions for Compassionate Release moot. Nevertheless, this Court has considered his Motions.

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to "reduce the term of imprisonment" of a defendant for "extraordinary and compelling reasons" "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i).  Once the administrative remedies under § 3582(c)(1)(A) have been exhausted or waived, the Court may reduce or modify a sentence when "extraordinary and compelling reasons warrant such a reduction."  *Id*.  Even if extraordinary and compelling reasons exist for a reduction in sentence, § 3582(c)(1)(A) requires courts to consider "the factors set forth in section 3553(a) [of Title 18] to the extent they are applicable" and "applicable policy

statements issued by the [United States] Sentencing Commission" before granting a sentence modification. § 3582(c)(1)(A).

Section 3553(a) requires this Court to consider, among other factors, the nature and circumstances of the underlying offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from further crimes of the defendant. 18 U.S.C. § 3353(a)(1)-(2).  Therefore, this Court may reduce Defendant's sentence under § 3582(c)(1)(A) only after the Court finds: (1) the defendant has established extraordinary and compelling reasons for the reduction; and (2) a reduction in the Defendant's sentence would not undermine the relevant factors under § 3553(a).

Here, Defendant exhausted his administrative remedies.  Defendant also suffers from various medical conditions. However, the Court notes that Defendant himself admits he has not and did not become infected with COVID-19 and thus, the Court finds no indication that his medical conditions were not being properly addressed and/or treated within the BOP while he was incarcerated at Fort Dix.  Accordingly, the Court does not find that "extraordinary and compelling reasons" warrant a reduction in Defendant's sentence.  This is especially true in light of Defendant's transfer to RRM Philadelphia, which has mooted his concern about his particular vulnerability to contracting COVID-19 within FCI Fort Dix.

Moreover, the Court finds that a reduction in Defendant's sentence would undermine the relevant § 3553(a) factors.  The Court, in its discretion, does not find a reduction in sentence to be appropriate under the relevant § 3553(a) factors. The Court finds that a reduction in Defendant's sentence would undermine the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence,

given the nature and circumstances of the underlying offense and the history and characteristics of the Defendant.  Accordingly, the Motions for Compassionate Release will be denied.

AND NOW, this 16th day of April, 2021, Defendant's Motion for Reconsideration filed at ECF 42, and Defendant's [Second] Motion for Compassionate Release filed at ECF 47 are **DENIED**.

 

                                                   s/ Arthur J. Schwab
                                                 Arthur J. Schwab
                                                 United States District Judge

cc:     All Registered ECF Counsel and Parties